James SMALLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80769.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 29, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 2003.

Jennifer S. Walsh, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Adriane Dixon Crouse, Asst. Attorney General, Jefferson City, MO, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### ORDER

PER CURIAM.

James Smalley (movant) appeals the judgment denying his Rule 29.15 motion for post-conviction relief.

On appeal, movant contends the motion court erred when it denied his amended post-conviction motion after an evidentiary hearing, because his trial counsel was ineffective for failing to investigate, endorse, and call alibi witness Wilbur Harris. We affirm.

Following a jury trial, Movant was acquitted of one count of sale of a controlled substance in violation of Section 195.211 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise indicated) and convicted of one count of possession of a controlled substance in violation of Section 195.202. Movant was sentenced to four years imprisonment. We affirmed the conviction on appeal in a summary order. *See State v. Smalley*, 16 S.W.3d 728 (Mo.App. E.D.2000).

Movant timely filed a pro se Rule 29.15 motion to vacate, set aside, or correct the judgment or sentence, and following appointment of counsel, an amended motion for post-conviction relief was filed.

The motion court denied movant's motion after an evidentiary hearing, and in its findings of fact, conclusions of law and order found: (1) movant failed to show that his trial counsel did not exercise customary skill and diligence in investigating and locating Wilbur Harris; (2) movant's trial counsel did investigate and attempt to bring Harris to testify at movant's trial; (3) Harris' testimony was relevant only to the charge of sale of a controlled substance of which movant was acquitted; and (4)

movant failed to allege or to establish facts which, if true, would entitle him to relief.

Our review of the record on appeal reveals that the trial court's determination is not clearly erroneous. Rule 29.15(k). An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).